PER CURIAM.
The state appeals the sentence the trial court imposed on defendant, Maurice McGriff. We reverse and remand for re-sentencing.
The defendant pled guilty to charges of possession of cocaine and possession of marijuana. The scoresheet prepared for sentencing defendant on these charges reflected a presumptive guidelines sentence of community control or twelve to thirty months incarceration. The trial court withheld adjudication of guilt and placed defendant on five years probation. The trial court, however, failed to provide written reasons for its downward departure. We, therefore, must reverse defendant’s sen *742 tence and remand for resentencing. At resentencing, the trial court should sentence the defendant within the guidelines or provide written reasons for its departure as required by Florida Rule of Criminal Procedure 3.701(d)(11). See State v. Boyn-ton, 478 So.2d 351 (Fla.1985), cert. denied, — U.S. -, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986).
Reversed and remanded.
RYDER, A.C.J., and SCHOONOVER and HALL, JJ., concur.